## Case No. 7,072.

### IRVIN et al. v. SCHELL.

[5 Blatchf. 157.] [2]

Circuit Court, S. D. New York. May 21, 1863.

---

[1] [See The Edith, Case No. 4,282.]

[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Sidney Webster, for plaintiffs.
Ethan Allen (Asst. Dist. Atty.), for defendant.

NELSON, Circuit Justice. This suit involves the question of the right of the collector to collect half a month's storage, according to the regulations of the treasury department, under the following circumstances: The plaintiffs, in the case of several shipments of goods, in June and July, 1857, from Liverpool to the port of New York, caused warehouse entries to be made at the custom-house, under the act of congress of March 28, 1854 (10 Stat. 270), but, before the goods were removed to the warehouse, they changed their minds and applied to the collector for permits to land the goods for removal to their own stores, or for consumption; whereupon, the collector charged them half a month's storage, besides the duties. The storage for all the goods amounted to the sum of $98.26, which was paid under protest.

It is admitted, that no act of congress can be found for making this charge against the merchant, under the above state of facts. The charge is wholly an arbitrary one, prescribed by the secretary of the treasury, and a fixed sum might as well have been imposed as the half month's storage. The imposition is sought to be sustained on the idea that, if the goods are entered for warehousing, and if the merchant, before they are landed and removed, applies for a permit to land them for consumption, the vessel may be regarded as being, in the meantime, the warehouse, with the permission of the treasury department. But this is hardly plausible, as it involves the absurdity of charging the merchant for the use of his own vessel. Besides, the government has no interest in the warehousing business, as, according to the act of 1854, the goods are stored at the risk and expense of the importer. The truth is, that the charge is made simply for the favor granted to the merchant, in permitting him to land the goods for consumption, after he has entered them for warehousing. The collector might, doubtless, compel the merchant, after having thus entered his goods, to procure them in the usual way, through the warehouse, which would increase considerably the expense. Hence, if the merchant changes his mind and applies for a permit to land for consumption, this charge is imposed. The charge, as appears from the case, adds nothing to the labor or trouble of the officers of the customs, as is, indeed, obvious, from the usual course of the business.

As I have said already, there is no law for this charge against the merchant, and any other arbitrary sum might as well be imposed; and I have hesitated whether I ought not to put an end to it. I certainly should, were it not for considerations which I will now state. It does not appear, in the case, whether the charge goes to the government, or is a perquisite to the collector. But, as it is imposed by a regulation of the treasury, it is fair to presume that it goes to the government. This is a suit instituted against the collector, and the question arises whether the payment of this storage, under the circumstances, was an involuntary payment. If it was not, then the action will not lie. It is true, that the plaintiffs paid under protest. But their own acts led to the charge. They entered their goods for warehousing, and afterwards changed their minds and asked for a permit to land them. The collector might, probably, under the instructions of the treasury department, have refused this, and compelled the warehousing of the goods.

The secretary of the treasury, however, says: "If you will pay half a month's storage, I will give you a permit." This is a favor extended for a compensation. I do not agree that public officers can make these bargains; but, if the merchant voluntarily accedes to them, I am inclined to think he cannot turn around and sue the collector as for an involuntary payment. The merchant was not compelled to accede. He might have procured his goods through the warehouse. There is no difficulty where the merchant makes up his mind, on the arrival of the goods, what he will do with them—warehouse them, or land them for consumption. He is not compelled to enter them for warehousing. The goods may remain on board of his ship until they are entered, and permits to land them are obtained. Upon the whole, after some difficulty, I have come to the conclusion, for the reasons above stated, that the plaintiffs cannot recover. Judgment for defendant.